

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
04/02/2015

|  |  |
|---|---|
| IN RE )<br>)<br>CLIFFORD ROBINSON and )<br>ANGELA ROBINSON, )<br>)<br>      Debtors, )<br>)<br>CLIFFORD ROBINSON and )<br>ANGELA ROBINSON, )<br>)<br>      Plaintiffs, )<br>v. )<br>)<br>WELLS FARGO BANK, N.A., )<br>)<br>      Defendant. )<br>) | CASE NO. 08-31353-H3-13<br><br><br><br><br><br>ADV. NO. 14-3290 |

## MEMORANDUM OPINION

The court has considered "Defendant Wells Fargo Bank, N.A.'s Rule 12(c) Motion for Judgement [sic] on the Pleadings" (Docket No. 11) and "Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment" (Docket No. 12).

The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

On March 3, 2008, Clifford Robinson and Angela Robinson ("Plaintiffs" or "Debtors") filed a voluntary petition under

Chapter 13 of the Bankruptcy Code.  Debtors' Chapter 13 plan (Docket No. 49, Case No. 08-31353-H3-13) was confirmed, by order entered on July 14, 2008.  (Docket No. 56, Case No. 08-31353-H3-13).  Debtors completed the payments under their Chapter 13 plan. (Docket No. 140, Case No. 08-31353-H3-13).  A discharge was entered on April 23, 2013.  (Docket No. 147, Case No. 08-31353-H3-13).

In the complaint in the instant adversary proceeding, Plaintiffs assert generally that, during the Chapter 13 case, Defendant unilaterally paid prepetition ad valorem property taxes for 2007 and 2008, that were provided for under Debtors' confirmed Chapter 13 plan.  Plaintiffs assert generally that, after the case was closed, Defendant sought payment of the 2007 and 2008 taxes from Plaintiffs.  Plaintiffs assert statutory causes of action under Section 524 of the Bankruptcy Code; the Texas Debt Collection Act (Sections 392.301(a)(7), 392.301(a)(8), and 392.304(a)(8) of the Texas Finance Code); and Section 2609 of the Real Estate Settlement Practices Act, and common law causes of action for breach of contract and negligence.

Defendant has moved to dismiss, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7012, for failure to state a claim upon which relief can be granted, as to each of the causes of action. Defendant also has moved for summary judgment as to each of the

2

causes of action.

### Standard for Determination of a Motion to Dismiss

Rule 12(c) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7012, provides for judgment on the pleadings after the pleadings are closed.  The standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim.  Doe v. MySpace, Inc., 528 F.3d 413 (5th Cir. 2008).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plaintiff must plead specific facts, not mere conclusory allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### Standard for Determination of a Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a), as made applicable by Bankruptcy Rule 7056 provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. <u>Sossamon v. Lone Star State of Tex.</u>, 560 F.3d 316 (5th Cir. 2009); <u>Warfield v. Byron</u>, 436 F.3d 551 (5th Cir. 2006). The court views the facts and evidence in the light most favorable to the non-moving party at all times. <u>Campo v. Allstate Ins. Co.</u>, 562 F.3d 751 (5th Cir. 2009).

### Section 524

In the complaint in the instant adversary proceeding, Plaintiffs assert that Defendant violated Section 524(a)(2) of the Bankruptcy Code by demanding payment of taxes Plaintiffs assert were discharged in the underlying Chapter 13 case. Defendant argues that Section 524(a)(2) does not apply to its acts, in light of Section 524(j) of the Bankruptcy Code.

Section 524(a)(2) of the Bankruptcy Code provides generally that discharge operates as an injunction against collection of a debt as a personal liability of the debtor. Section 524(j) provides:

> (j) Subsection (a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if -
>
>   (1) such creditor retains a security interest in real property that is the principal residence of the debtor;
>   (2) such act is in the ordinary course of business between the creditor and the debtor; and
>   (3) such act is limited to seeking or obtaining

> periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.

11 U.S.C. § 524(j).

The complaint is sufficient to state a claim under Section 524(a). The summary judgment evidence presented by Defendant does not establish that the exception in Section 524(j) applies. The court concludes that both the motion to dismiss and the motion for summary judgment should be denied as to Plaintiffs' asserted cause of action under Section 524 of the Bankruptcy Code.

Texas Debt Collection Act

In the complaint, Plaintiffs assert Defendant violated Section 392.301(a)(7) of the Texas Finance Code by: "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings, and specifically to foreclose on the Property without taking the proper steps under Texas foreclosure law." Plaintiffs assert Defendant violated Section 392.301(a)(8) of the Texas Finance Code by: "threatening to take actions prohibited by law, including continued collection of the 2007 and 2008 property taxes in violation of the discharge injunction and foreclosure of the Property without proper notices and compliance with state law with respect to foreclosure."

Defendant asserts that it is not liable for violation of Section 392.301(a) of the Texas Finance Code, in light of Section 392.301(b) of the Texas Finance Code.

Section 392.301(b) provides in pertinent part that Section 392.301(a) does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings."

The complaint does not state a plausible claim under Section 392.301(a)(7) or 392.301(a)(8) of the Texas Finance Code. The factual matter pled is not sufficient to enable the court to reasonably infer that the Defendant is liable for the misconduct alleged. The court concludes that the motion to dismiss should be granted as to Plaintiffs' asserted cause of action under Section 392.301(a)(7) and 392.301(a)(8) of the Texas Finance Code.[1]

In the complaint, Debtors assert Defendant violated Section 392.304(a)(8) of the Texas Finance Code by: "misrepresenting the character, extent, or amount of a consumer debt, specifically misrepresenting the amounts that were due and

---

[1] Alternatively, if the pleading were sufficient, the court would grant summary judgment on this ground, in light of the effect of Section 392.301(b), and the provision of the deed of trust attached to the motion for summary judgment providing that the borrower grants the trustee a power of sale, along with the right to exercise the interests conveyed, including the right to foreclose and sell the property.

overdue for property taxes." Section 392.304(a)(8) prohibits use of a fraudulent, deceptive, or misleading representation "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."

The factual matter pled in the complaint is not sufficient to sustain an inference that Defendant made a representation that was fraudulent, deceptive, or misleading. The court concludes that the motion to dismiss should be granted as to Plaintiffs' asserted cause of action for violation of Section 392.304(a)(8) of the Texas Finance Code.

### RESPA

In the complaint, Plaintiffs allege that Defendant violated the Real Estate Settlement Procedures Act ("RESPA") by failing to properly maintain the loan account, and by failing to timely notify Plaintiffs or the Chapter 13 Trustee of the tax payments made.

Plaintiffs clarified, in their response to the instant motions, that they are seeking relief under 12 U.S.C. §§ 2609(b), 2609(c)(1)(C), and 2609(c)(2)(A).

Defendant asserts that there is no private right of action for violation of Section 2609 of RESPA, citing Louisiana v. Litton Mortgage Co., 50 F.3d 1298 (5th Cir. 1995). The Fifth Circuit's opinion in Louisiana v. Litton Mortgage Co. is

controlling. The court concludes that summary judgment should be granted as to Plaintiffs' asserted cause of action under RESPA.

### Breach of Contract

In the complaint, Plaintiffs allege that Defendant "has breached the terms of the loan agreement, including the terms and conditions contained in the Note, Deed of Trust, riders, and regulations for the servicing of mortgage loans," by demanding the 2007 and 2008 property taxes.

Defendant argues that the complaint does not allege an actual breach of contract, and that Plaintiffs are barred from maintaining an action for breach of contract as a result of their default on the underlying note.

The factual matter pled in the complaint, taken in the light most favorable to Plaintiffs, is sufficiently pled to enable the court to infer that Defendant is liable for breach of contract. The court concludes that the motion to dismiss should be denied as to Plaintiffs asserted cause of action for breach of contract.

As to Defendant's argument that Plaintiffs are barred as a result of their default, there exists a genuine issue of material fact as to Plaintiffs' default. The court concludes that the motion for summary judgment should be denied as to Plaintiffs asserted cause of action for breach of contract.

<u>Negligence</u>

In the complaint, Plaintiffs allege that Defendant negligently failed to recover tax payments made by Plaintiffs to the Chapter 13 Trustee during the Chapter 13 case, after Defendant paid the 2007 and 2008 taxes.  Defendant argues that it had no legal duty to do so.

Texas does not recognize a legal duty between a mortgagor and mortgagee except where there is a special relationship marked by a shared trust or an imbalance in bargaining power.  <u>Scott v. Bank of America, N.A.</u>, --- Fed. Appx. ----, 2014 WL 7389910 (5th Cir. 2014), <u>citing</u> <u>FDIC v. Coleman</u>, 795 S.W.2d 706 (Tex. 1990).  The court concludes that summary judgment should be granted as to Plaintiffs' asserted cause of action for negligence.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on April 2, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE