

ENTERED
05/26/2016

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| CLIFFORD ROBINSON and | ) CASE NO. 08-31353-H3-13 |
| ANGELA ROBINSON, | ) |
| | ) |
| Debtors, | ) |
| | ) |
| CLIFFORD ROBINSON and | ) |
| ANGELA ROBINSON, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) ADV. NO. 14-3290 |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Plaintiffs' Motion to Re-Set Discovery and Trial Dates and Notice of Breach of Settlement by Wells Fargo Bank" (Docket No. 43).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Scheduling Order will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Clifford T. Robinson and Angela T. Robinson ("Debtors" or "Plaintiffs") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 3, 2008. Debtors' plan (Docket No. 49, Case No. 08-31353-H3-13) was confirmed by order entered on July 14, 2008. (Docket No. 56, Case No. 08-31353-H3-13).

Debtors completed their payments under the Chapter 13 plan. (Docket No. 140, Case No. 08-31353-H3-13). The court entered a discharge of Debtors on April 23, 2013. (Docket No. 147, Case No. 08-31353-H3-13).

A Final Decree was entered in Debtors' Chapter 13 case on November 14, 2013. (Docket No. 154, Case No. 08-31353-H3-13). The Chapter 13 case was reopened, on Debtors' motion, by order entered on June 12, 2014. (Docket No. 158, Case No. 08-31353-H3-13).

After the Chapter 13 case was reopened, Debtors filed the complaint in the instant adversary proceeding. In the complaint in the instant adversary proceeding, Plaintiffs asserted statutory causes of action, under Section 524 of the Bankruptcy Code and under the Texas Finance Code, and the Real Estate Settlement Practices Act ("RESPA"), as well as common law causes of action for breach of contract and negligence, against Wells Fargo Bank, N.A. ("Defendant"). Plaintiffs asserted generally that, during the Chapter 13 case, Defendant

unilaterally paid prepetition ad valorem property taxes for 2007 and 2008, that were provided for under Debtors' confirmed Chapter 13 plan, and that, after the Chapter 13 case was closed, Defendant sought payment of the 2007 and 2008 taxes from Plaintiffs.  (Docket No. 1).

The court dismissed Plaintiffs' asserted causes of action under the Texas Finance Code, and granted summary judgment against Plaintiffs on asserted causes of action under RESPA, and negligence theories.  (Docket Nos. 20, 21).  The court subsequently granted summary judgment against Plaintiffs as to their claim for mental anguish damages.  (Docket No. 34).

After the court dismissed and granted summary judgment as to the theories set forth above, the court reset the pretrial conference in the above captioned adversary proceeding as to the remaining asserted causes of action, for September 8, 2015. (Docket No. 36).

At the pretrial conference on September 8, 2015, the parties announced that they had reached a settlement.  The terms of the settlement were not read into the record at the September 8, 2015 hearing.

On March 28, 2016, Plaintiffs filed the instant motion. In the instant motion, Plaintiffs assert that the settlement agreement between Plaintiffs and Defendant was breached. Plaintiffs seek the entry of a new scheduling order, allowing

them to amend pleadings, conduct additional discovery, designate experts, and file dispositive motions, prior to an additional pretrial conference and trial of the adversary proceeding. Plaintiffs assert that Defendant breached the settlement agreement by submitting derogatory remarks to credit reporting agencies. Plaintiffs assert that they have incurred additional damages as a result of Defendant's conduct after the parties reached settlement (Docket No. 43).

The court held a non-evidentiary hearing on the instant motion on May 3, 2016. At the non-evidentiary hearing, counsel for Plaintiffs argued that Wells Fargo additionally breached the settlement agreement by requesting that Debtors submit IRS Form W-9.[1]

After the non-evidentiary hearing, the court entered an order setting an evidentiary hearing, limited to the issues of whether a valid settlement agreement exists, and, if such an agreement exists, whether either party is in breach of that agreement. (Docket No. 51).

The settlement agreement is in evidence. It provides in pertinent part:

---

[1] IRS Form W-9 generally requires an entity who pays amounts to a taxpayer that are reportable on an information return, to obtain the taxpayer's correct taxpayer identification number. Examples listed on Form W-9 of information returns include various distributions reflected on IRS Form 1099.

1. Agreement of the Parties.

    A.  Wells Fargo will:

        a.  Waive and permanently cease collection of $14,429.34 that Wells Fargo paid for delinquent 2007 and 2008 delinquent Montgomery County and Montgomery County MUD #46 property taxes, penalties, and interest;

        b.  Adjust Plaintiffs' account to reflect a due date of March 1, 2016. Effective with the March 1, 2016, payment, the monthly impound account for taxes and insurance will be removed. The adjustments described in this paragraph shall be made within twenty one (21) days from the date on which Wells Fargo receives from the Plaintiffs the payment described in subsection (C) below;

        c.  Within fifteen (15) days of Wells Fargo's receipt of this fully executed Agreement, Wells Fargo/America' Servicing Co will submit a request electronically to the credit reporting agencies that Wells Fargo/America' Servicing Co subscribes to, requesting that late and derogatory reporting on loan number 1218112385 be removed during the time period from March 3, 2008, to March 1, 2016, and Wells Fargo/America' Servicing Co will provide to the Robinsons at the same time a letter on Wells Fargo/ America' Servicing Co letterhead that confirms the electronic submissions to such credit reporting agencies and provides copies of the electronic submissions.

        d.  Pay attorneys' fees and costs of thirty-three thousand dollars ($33,000) to Plaintiffs' counsel Baker & Associates, 5151 Katy Freeway, Suite 200, Houston, Texas 77007. Wells Fargo will tender funds to Plaintiff's counsel within ten days of Wells Fargo's receipt of this fully executed Agreement.

>B. Within fifteen (15) days of the effective date of this Agreement, the Parties shall file all necessary papers and take any other necessary steps to dismiss Plaintiffs' Lawsuit and Wells Fargo's Counterclaims with prejudice.
>
>C. Upon execution of this Agreement, Plaintiffs shall tender the amount of Eleven Thousand One Hundred Eighty Eight and Sixty Eight/100 Dollars ($11,188.68) in the form of a cashier's check or checks, to Wells Fargo c/o George A. Kurisky Jr., 1221 Lamar Street, Suite 1000, Houston, Texas 77010. These funds constitute complete reimbursement for funds disbursed by Wells Fargo in payment of the 2015 ad valorem property taxes assessed against the Property by the various taxing authorities to whose jurisdiction the property is subject. Upon receipt of the funds described above, Wells Fargo shall credit the funds to any escrow deficiency currently existing with respect to Plaintiffs' mortgage loan and shall discontinue the escrow impound currently imposed upon Plaintiffs' mortgage loan. Nothing in this Agreement shall be construed to alter the rights of Wells Fargo, or its successors or assigns, to impose an escrow impound as set forth in the Note and/or Deed of Trust. The adjustments described in this subsection shall be made within twenty-one (21) days from the date on which Wells Fargo receives from the Plaintiffs the payment described above.

(Plaintiffs' Exhibit 1).

At the evidentiary hearing on the instant motion, Clifford Robinson testified that his understanding of the settlement was that Debtors' only payment obligation was to reimburse $11,188.68 to Wells Fargo.[2] He testified that Debtors

---

[2] It appears that this amount represents a reimbursement to Wells Fargo of amounts credited to Debtors' 2015 ad valorem taxes, as to which Debtors anticipated obtaining (and apparently did obtain) a refund.

paid $11,188,68, in three cashier's checks delivered to counsel for Wells Fargo, on March 11, 2016.

Wells Fargo credited Debtor's account for "funds received," in the amount of $14,429.34, on March 21, 2016. (Plaintiffs' Exhibit 9).

Clifford Robinson testified that Wells Fargo requested that Debtors submit Form W-9 with respect to the credit.  He testified that he does not believe Debtors should be required to submit Form W-9, because Debtors previously received the funds which were used to make Chapter 13 plan payments as their personal income, and paid income tax on that income.  He believes that the credit is not taxable income to Debtors.

On March 23, 2013, Wells Fargo sent a letter to Plaintiffs, attaching a "Universal Data Form" which, according to the letter, was submitted to credit reporting agencies.  The Universal Data Form attached to the letter shows Debtors' account past due in the amount of $14,429., and with a delinquency date of May 1, 2014.  (Plaintiffs' Exhibit 3).

Clifford Robinson testified that Debtors have sought to obtain refinancing of their home loan with other lenders.  He testified that Debtors requests were denied.  The court finds Clifford Robinson to be a credible witness.

Counsel for Defendant argued that a letter was sent to credit bureaus, after the March 23, 2016 letter, which removed

7

the derogatory credit information.  Defendant did not offer any such letter into evidence.

## Conclusions of Law

Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." Crowell v. CIGNA Grp. Ins., 410 F. App'x 788 (5th Cir. 2011) (citing E. Energy, Inc. v. UNICO Oil & Gas, Inc., 861 F.2d 1379 (5th Cir. 1988)).

Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding.  A meeting of the minds can be inferred from the parties' conduct and their course of dealing. Buxani v. Nussbaum, 940 S.W.2d 350 (Tex. App.--San Antonio 1997, no writ).

In the instant case, although the parties executed a written agreement, there appears to have been no meeting of the minds as to the terms of the agreement, in light of Clifford Robinson's testimony that his understanding of the agreement was that Debtors had no payment requirement other than the $11,188.68 reimbursement.  He testified that he expected to owe no tax.  The

court finds that there was no meeting of the minds, and thus no contract.

However, if there was a contract, such contract was breached by Wells Fargo, by continuing to report derogatory information to credit bureaus.

In either instance, the parties are placed upon the same footing: there is no contract settling the underlying causes of action. The court concludes that the instant motion should be granted, and another scheduling order entered.

Based on the foregoing, a separate conforming Scheduling Order will be entered.

Signed at Houston, Texas on May 26, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE